UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ZENIA B., | Case No.: 2:23-cv-00254-APG-NJK |
|     Plaintiff, | **REPORT AND RECOMMENDATION** |
| v. | |
| KILOLO KIJAKAZI, | |
|     Defendant. | |

This case involves judicial review of administrative action by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for disability insurance benefits and supplemental security income pursuant to Title II and Title XVI of the Social Security Act. Currently before the Court is Plaintiff's Motion for Summary Judgment. Docket No. 19. The Commissioner filed a response and Plaintiff filed a reply. Docket No. 25, 26. This action was referred to the undersigned magistrate judge for a report of findings and recommendation.

**I.  STANDARDS**

    A.  <u>Judicial Standard of Review</u>

The Court's review of administrative decisions in social security disability benefits cases is governed by 42 U.S.C. § 405(g). *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002). Section 405(g) provides that, "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . brought in the district court of the United States for the judicial district in which the plaintiff resides." The Court may enter, "upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Id.*

The Commissioner's findings of fact are deemed conclusive if supported by substantial evidence. *Id.* To that end, the Court must uphold the Commissioner's decision denying benefits

if the Commissioner applied the proper legal standard and there is substantial evidence in the record as a whole to support the decision. *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005). Substantial evidence is "more than a mere scintilla," which equates to "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, ___ U.S. ___, 139 S.Ct. 1148, 1154 (2019). "[T]he threshold for such evidentiary sufficiency is not high." *Id.* In determining whether the Commissioner's findings are supported by substantial evidence, the Court reviews the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998).

Under the substantial evidence test, the Commissioner's findings must be upheld if supported by inferences reasonably drawn from the record. *Batson v. Comm'r, Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). When the evidence will support more than one rational interpretation, the Court must defer to the Commissioner's interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Consequently, the issue before this Court is not whether the Commissioner could reasonably have reached a different conclusion, but whether the final decision is supported by substantial evidence.

It is incumbent on the Administrative Law Judge ("ALJ") to make specific findings so that the Court does not speculate as to the basis of the findings when determining if the Commissioner's decision is supported by substantial evidence. The ALJ's findings should be as comprehensive and analytical as feasible and, where appropriate, should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based, so that a reviewing court may know the basis for the decision. *See, e.g., Gonzalez v. Sullivan*, 914 F.2d 1197, 1200 (9th Cir. 1990).

### B.   Disability Evaluation Process

The individual seeking disability benefits bears the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995). To meet this burden, the individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous

period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). More specifically, the individual must provide "specific medical evidence" in support of his claim for disability. *See, e.g.*, 20 C.F.R. § 404.1514. If the individual establishes an inability to perform his prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Reddick*, 157 F.3d at 721.

The ALJ follows a five-step sequential evaluation process in determining whether an individual is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987) (citing 20 C.F.R. §§ 404.1520, 416.920). If at any step the ALJ determines that he can make a finding of disability or nondisability, a determination will be made and no further evaluation is required. *See Barnhart v. Thomas*, 540 U.S. 20, 24 (2003); *see also* 20 C.F.R. § 404.1520(a)(4). The first step requires the ALJ to determine whether the individual is currently engaging in substantial gainful activity ("SGA"). 20 C.F.R. § 404.1520(b). SGA is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental activities usually for pay or profit. 20 C.F.R. § 404.1572(a)-(b). If the individual is currently engaging in SGA, then a finding of not disabled is made. If the individual is not engaging in SGA, then the analysis proceeds to the second step.

The second step addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits him from performing basic work activities. 20 C.F.R. § 404.1520(c). An impairment or combination of impairments is not severe when medical and other evidence does not establish a significant limitation of an individual's ability to work. *See* 20 C.F.R. §§ 404.1521, 404.1522. If the individual does not have a severe medically determinable impairment or combination of impairments, then a finding of not disabled is made. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to the third step.

The third step requires the ALJ to determine whether the individual's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526. If the individual's impairment or combination of impairments meet or equal the criteria of a listing and

meet the duration requirement (20 C.F.R. § 404.1509), then a finding of disabled is made. 20 C.F.R. § 404.1520(d). If the individual's impairment or combination of impairments does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to the next step.

Before considering step four of the sequential evaluation process, the ALJ must first determine the individual's residual functional capacity. 20 C.F.R. § 404.1520(e). The residual functional capacity is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. Social Security Rulings ("SSRs") 96-8p.[1] In making this finding, the ALJ must consider all of the symptoms, including pain, and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. § 404.1529. To the extent that statements about the intensity, persistence, or functionally-limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the ALJ must evaluate the individual's statements based on a consideration of the entire case record. SSR 16-3p. The ALJ must also consider opinion evidence in accordance with the requirements of 20 C.F.R. § 404.1527.

The fourth step requires the ALJ to determine whether the individual has the residual functional capacity to perform his past relevant work ("PRW"). 20 C.F.R. § 404.1520(f). PRW means work performed either as the individual actually performed it or as it is generally performed in the national economy within the last 15 years or 15 years prior to the date that disability must be established. In addition, the work must have lasted long enough for the individual to learn the job and performed at SGA. 20 C.F.R. §§ 404.1560(b), 404.1565. If the individual has the residual functional capacity to perform his past work, then a finding of not disabled is made. If the individual is unable to perform any PRW or does not have any PRW, then the analysis proceeds to the fifth and last step.

---

[1] SSRs constitute the Social Security Administration's official interpretations of the statute it administers and its regulations. *See Bray v. Comm'r, Soc. Sec. Admin.*, 554 F.3d 1219, 1224 (9th Cir. 2009). They are entitled to some deference as long as they are consistent with the Social Security Act and regulations. *Id.*

The fifth and final step requires the ALJ to determine whether the individual is able to do any other work considering his residual functional capacity, age, education, and work experience. 20 C.F.R. § 404.1520(g). If the individual is able to do other work, then a finding of not disabled is made. Although the individual generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Commissioner. The Commissioner is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the individual can do. *Lockwood v. Comm'r, Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).

## II.   BACKGROUND

On September 4, 2019, Plaintiff filed applications for disability insurance benefits and supplemental security income under Title II and Title XVI of the Social Security Act. *See, e.g.*, Administrative Record ("A.R.") 101-102. Plaintiff's claims were denied initially on January 8, 2020, and upon reconsideration on April 24, 2020. A.R. 169-178, 181-194. On May 1, 2020, Plaintiff filed a request for a hearing before an ALJ. A.R. 195. On January 7, 2021, Plaintiff, Plaintiff's representative, and a vocational expert appeared telephonically before ALJ Norman L. Bennett for an administrative hearing. A.R. 34-56. After the hearing, Plaintiff's representative objected to the vocational expert's job number estimates and further claimed that, therefore, his testimony was not based on reliable data. A.R. 355. On February 9, 2021, ALJ Bennett issued an unfavorable decision finding that Plaintiff was not disabled and overruling the objection filed by Plaintiff's representative. A.R. 15-25. On August 26, 2021, ALJ Bennett's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review. A.R. 1-3.

On October 13, 2021, Plaintiff commenced an action in this Court for judicial review pursuant to 42 U.S.C. § 405(g). *See* A.R. 700-705; *see also Brown v. Kijakazi*, Case No. 2:21-cv-01894-RFB-NJK. On December 13, 2021, while the case was pending before this Court, the parties stipulated to remand the case to the Appeals Council, so that the Appeals Council could remand the case to an ALJ for a new decision. A.R. 707. Upon remand, the Appeals Council vacated the final decision of the Commissioner and found that ALJ Bennett's finding that Plaintiff

had a reasoning level of 2-3 required further evaluation because "it is unclear whether a reasoning level of 2-3 is consistent with the assessed restriction for only simple repetitive tasks." A.R. 713. The Appeals Council remanded the case to an ALJ to give further consideration to Plaintiff's maximum residual functional capacity and to identify examples of appropriate jobs. *See* A.R. 712-714.

On October 26, 2022, a hearing took place before ALJ Arthur Zeidman. A.R. 645-672. On December 8, 2022, ALJ Zeidman issued an unfavorable decision finding that Plaintiff was not disabled in considering her residual functional capacity because she could adjust to other work that exists in significant numbers in the national economy. A.R. 621-644. On August 26, 2023, ALJ Zeidman's decision became the final decision of the Commissioner when the Appeals Council did not initiate review of ALJ Zeidman's decision.

On February 18, 2023, Plaintiff commenced this action for judicial review pursuant to 42 U.S.C. § 405(g). *See* Docket No. 1.

### III. ANALYSIS AND FINDINGS

The parties agree that ALJ Zeidman erred at step five by "relying on jobs that exceeded Plaintiff's abilities." Docket No. 25 at 2. *See also* Docket No. 19 at 8-9, 13. The only issue, therefore, is whether the Court should remand the case for an immediate award of benefits, as Plaintiff suggests, or remand the case for further administrative proceedings to address the issue, as the Commissioner suggests. Docket No. 19 at 13-15; Docket No. 25 at 2-3.

"In Social Security cases the ALJ has a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered." *Smoler v. Chater*, 80 F.3d 1273, 1288 (quoting *Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir. 1983)). This duty exists even when the claimant is represented by counsel. *Id*. However, "when claimants are represented by counsel, they must raise all issues and evidence at their administrative hearing in order to preserve them on appeal." *Meanel v. Apfel*, 172 F.3d 1111, 1115 (9th Cir. 1999).

The Court has discretion to remand a case either for additional evidence and findings or to award benefits. *Smoler*, 80 F.3d at 1292 (internal citations omitted). The Court "may direct an award of benefits where the record has been fully developed and where further administrative

proceedings would serve no useful purpose." *Id*. In the past, courts "have credited evidence and remanded for an award of benefits where (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited." *Id*. (citations omitted).

The Appeals Council remanded the case to ALJ Zeidman for the purpose of addressing the issue of whether Plaintiff's reasoning level was level 2 or level 3 and to determine appropriate jobs based on Plaintiff's residual functional capacity. A.R. 713. At said hearing, the vocational expert testified that Plaintiff is able to be employed as a lens inserter, document preparer, and final assembler. A.R. 665. The vocational expert expressly testified that the reasoning level for the final assembler job is a level 3. A.R. 668. Yet, Plaintiff's representative made no effort during the hearing to ascertain, with either the ALJ or the vocational expert, whether Plaintiff's reasoning level was determined to be a level 2 or level 3. *See* A.R. 645-672. Further, ALJ Zeidman's decision is also devoid of any determination relating to Plaintiff's reasoning level. *See* A.R. 621-638.

Since a determination as to Plaintiff's reasoning level and the appropriate jobs she may have based on her residual functional capacity has not yet been made, the record has not been fully developed and it is not clear to the undersigned whether an ALJ would be required to find Plaintiff disabled. *Cf. Smoler*, 80 F.3d at 1292. Therefore, the undersigned recommends rejecting Plaintiff's request to remand for an immediate award of benefits so that the ALJ may determine the outstanding issues that remain as to whether Plaintiff is disabled.

**IV.   CONCLUSION**

Based on the forgoing, the undersigned hereby **RECOMMENDS** that Plaintiff's Motion for Summary Judgment be **GRANTED** in part and **DENIED** in part. The undersigned recommends that Plaintiff's motion should be granted to the extent that the case should be remanded to the Appeals Council so that the Appeals Council can remand the case to an ALJ for determination of the relevant outstanding issues. The undersigned further recommends that

Plaintiff's motion be denied to the extent that it seeks remand for immediate award of benefits instead of further administrative proceedings.

Dated: November 6, 2023

_____
Nancy J. Koppe
United States Magistrate Judge

**NOTICE**

This report and recommendation is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation must file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).